IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CENTRAL MORTGAGE CORPORATION    )
and TRUSTEE SERVICES OF         )
CAROLINA LLC,                   )
                                )
        Plaintiffs and          )
        Counter Defendants,     )
                                )
        v.                      )       1:12CV287
                                )
ANTHONY CLAY CAMPBELL,          )
                                )
        Defendant and           )
        Counter Claimant.       )
```

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on a Motion to Remand to State Court by Central Mortgage Corporation ("CMC") (Docket Entry 8) and a Motion to Dismiss Counterclaims for Lack of Subject Matter Jurisdiction and Failure to State a Claim also by CMC (Docket Entry 10). For the reasons that follow, the Court will remand this case to state court for lack of subject-matter jurisdiction.

BACKGROUND

This case commenced in this Court as a result of a Notice of Removal from Guilford County State Court filed pro se by Anthony Clay Campbell. (Docket Entry 1.) Campbell thereafter filed a document that purported to assert counterclaims against CMC and/or Trustee Services of Carolina LLC ("TSC"), including under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (Docket Entry 3 at 3-4.) CMC then filed the instant Motions, both of which

raise the issue of subject-matter jurisdiction (see Docket Entry 8 at 2-3; Docket Entry 10 at 2-3) and request an award of reasonable expenses, including attorney fees (see Docket Entry 8 at 3-4; Docket Entry 10 at 4). After Campbell responded to the instant Motions (see Docket Entries 17, 18), the Court noticed a hearing for July 30, 2012 (Docket Entry 19). At the hearing, the Court heard argument, determined that Campbell had removed the case in the absence of subject-matter jurisdiction and under circumstances that warranted payment of just costs and actual expenses under 28 U.S.C. § 1447(c), directed CMC to make a supplemental filing setting out such costs and expenses, and permitted Campbell to respond. (See Docket Entry dated July 30, 2012.) CMC and Campbell then made the requisite filings. (Docket Entries 23, 24.)

## DISCUSSION

CMC's instant Motions assert that the Court lacks subject-matter jurisdiction. (Docket Entry 8 at 2-3; Docket Entry 10 at 2-3.) Moreover, this Court "has an independent obligation to assess its subject-matter jurisdiction . . . ." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). Campbell's removal notice states that "[j]urisdiction has been established pursuant to

2

28 U.S.C. [§§] 1331, 1332 and 1441." (Docket Entry 1 at 1.) The Court lacks subject-matter jurisdiction under those statutes.

The state case Campbell purported to remove is a foreclosure action. (See id. at 2.) No federal question jurisdiction thus exists under Section 1331. See Trustee Servs. of Carolina, LLC v. Rivera, No. 3:12CV146, 2012 WL 1645534, at *2 (W.D.N.C. May 2, 2012) (unpublished) ("As a matter of law, foreclosure actions brought under state law do not give rise to federal question subject matter jurisdiction."); Vecchione v. Option One Mortg. Co., No. 1:09CV380, 2009 WL 3435166, at *1 (M.D.N.C. Oct. 16, 2009) (unpublished) ("The underlying action is a state court action for foreclosure. The complaint in the action raised no federal issues. The fact that [the plaintiff] now seeks to raise federal issues in this action and in his removal petition does not make the action removable on the basis of a federal question. It is axiomatic that a federal question must appear on the face of the well-pleaded complaint, and raising a federal counterclaim or defense does not make the action removable on the basis of a federal question." (internal quotation marks omitted)); In the Matter of the Foreclosure of the Deed of Trust Dated Feb. 8, 1999, No. 1:03CV527, 2003 WL 21664204, at *2 (M.D.N.C. July 14, 2003) (unpublished) ("[B]ecause the state court action that [the defendants] are

attempting to remove is a foreclosure proceeding, there is no federal question jurisdiction that arises in the instant matter.").

Nor does diversity jurisdiction exist under Section 1332, given that the removal notice acknowledges facts establishing that Campbell and TSC are both citizens of North Carolina (see Docket Entry 1 at 1, 3). See, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."); Sanderlin v. Hutchens, Senter & Britton, P.A., 783 F. Supp. 2d 798, 801 (W.D.N.C. 2011) ("Plaintiffs have not satisfied the complete diversity requirement. Specifically Plaintiffs and Defendant Hutchens, Senter & Britton, P.A. are both citizens of North Carolina."). Finally, Section 1441 provides for removal only where the federal court would have had "original jurisdiction," see 28 U.S.C. § 1441(a), which (for reasons noted above) this Court lacked.

At the hearing, the Court gave Campbell a chance to explain how he came to believe he had valid grounds for removal and his responses essentially amounted to a claim that "Internet research" led him to that conclusion. When pressed, Campbell could not describe what sources he had consulted on the Internet. Moreover, a review of Campbell's filings opposing CMC's instant Motions shows

4

that he offered no remotely responsive rejoinder to CMC's clear arguments establishing the absence of any legitimate rationale for removal, but that he instead simply strung together legalistic gibberish in a manner that vexatiously extended these proceedings. In sum, because Campbell had no objectively reasonable basis to remove this case, the Court will require him to make "payment of just costs and any actual expenses, including attorney fees, [CMC] incurred as a result of the removal," 28 U.S.C. § 1447(c). See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."); In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996) (indicating that Section 1447(c) authorizes cost-shifting where, even if removal was "not necessarily in bad faith, a cursory examination would have revealed a lack of federal jurisdiction" (internal ellipses and quotation marks omitted)).

CMC has provided an affidavit of counsel setting out its costs and attorney fees (as well as the underlying number of attorney hours expended and hourly rate charged). (Docket Entry 23-1.) Campbell has filed a response contesting the reasonableness of both the number of attorney hours and the hourly rate. (See Docket Entry 24 at 4-5.) The Court originally did not authorize CMC to file a reply (see Docket Entry dated July 30, 2012); however, in

5

light of Campbell's response, the Court will permit CMC to file a reply showing the propriety of its request in light of the standards generally set for fee awards in Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243-46 (4th Cir. 2009).

CONCLUSION

This Court lacks subject-matter jurisdiction. As a result, "[t]his civil action was improperly removed from the state courts and must be returned to the proper court." Vecchione, 2009 WL 3435166, at *1.[1] Further, because of the objectively unreasonable nature of the removal, Campbell must reimburse CMC for the reasonable expenses, including attorney fees, that it incurred.

**IT IS THEREFORE ORDERED** that CMC's Motion to Remand to State Court (Docket Entry 8) is **GRANTED IN PART** in that this case is **REMANDED** to the General Court of Justice, Superior Court Division, Guilford County, North Carolina, for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that, in light of the remand of this case to state court for lack of subject-matter jurisdiction, the Clerk's Office shall **TERMINATE AS MOOT** CMC's Motion to Dismiss

---

[1] For reasons stated in William E. Smith Trucking, Inc. v. Rush Trucking Ctrs. of N.C., Inc., No. 1:11CV887, 2012 WL 214155, at *2-6 (M.D.N.C. Jan. 24, 2012) (unpublished), the undersigned United States Magistrate Judge opts to enter an order rather than a recommendation regarding remand.

6

Counterclaims for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Docket Entry 10).

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1447(c), Campbell must pay CMC's just costs and actual expenses (including attorney fees) incurred due to the improper removal of this case.

**IT IS FURTHER ORDERED** that, because Campbell's response to CMC's supplemental filing regarding its costs and expenses contests the reasonableness of the claimed attorney work-hours and hourly rate, on or before November 19, 2012, CMC may file a reply not to exceed three pages (excluding attached affidavits or exhibits) supporting its cost-shifting request.

**IT IS FURTHER ORDERED** that the remand to state court is **STAYED** for 21 days because "[a] party may serve and file objections to th[is] [O]rder within 14 days after being served with a copy. A party may not assign as error a defect in the [O]rder not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the [O]rder that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). If any party timely objects to this Order, the 21-day stay shall continue in effect until further order, but, absent any timely objection, at the end of the 21-day period, the Clerk's Office shall send a certified copy of this Order to the Clerk of the

7

General Court of Justice, Superior Court Division, Guilford County, North Carolina.

This the 8th day of November, 2012.

                                         /s/ L. Patrick Auld
                                                 **L. Patrick Auld**
                                    **United States Magistrate Judge**